IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| WILLIAM H. STEINBRINK, M.D. and<br>PATRICIA M. STEINBRINK, his wife,<br><br>and<br><br>BAYSIDE OBSTETRICS GYNECOLOGY<br>INFERTILITY, INC. 401(k) PROFIT<br>SHARING PLAN,<br><br>    Plaintiffs<br><br>    v.<br><br>ROTHSTEIN, KASS & COMPANY, P.C.;<br>B. HAUPTMAN & ASSOCIATES, LLC;<br>BRUCE A. HAUPTMAN,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. CA 01-382 - Erie<br>)<br>)  Filed Electronically<br>)<br>)<br>)<br>) |

## MOTION TO TAKE LIMITED DISCOVERY

AND NOW, to-wit, this 22nd day of January, 2007, come the above named plaintiffs by and through their attorneys, AMBROSE, FRIEDMAN and WEICHLER, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure as well as the inherent authority of this Court to order production of the following document and in support thereof sets forth as follows:

    1.    The plaintiffs have initiated an action for negligence and negligent misrepresentation against Rothstein, Kass & Company, hereinafter RKC.

    2.    In their motion to dismiss, the defendant asserts the defense of lack of privity of contract between the plaintiffs and RKC.

4. RKC was engaged by Bruce Hauptman of Hauptman and Associates, the general partner in Genesis and Gamelan, to perform yearly audits of each fund as well as preparation of Partnership Form 1065 and individual K-1s for the plaintiffs and further provided tax advice to the plaintiffs regarding how certain items of income and/or loss should be treated. (See Steinbrink Affidavit, Exhibits A-L).

5. The defendant, in their motion to dismiss, asserts a lack of privity of contract defense yet does not attach as an exhibit the engagement letter between RKC and Hauptman.

6. Plaintiffs paid a portion of RKC's expenses consistent with their proportional share in Genesis and Gamelan. RKC performed the services as referenced in Dr. Steinbrink's affidavit and attached exhibits pursuant to the terms and conditions of the engagement letters.

7. The plaintiffs hereby request that this Court enter an Order directing RKC to produce a true and correct copy of the engagement letters and any supplements, addenda, modifications thereto, regarding Genesis and Gamelan for the years 1994 through 2001.

8. The plaintiffs believe and aver that if the engagement letter did not include and anticipate services being provided to the plaintiffs, that the defendants would have attached a copy of the engagement letters as exhibits in support of their defense of lack of privity of contract between the plaintiffs and the defendant.

9. The plaintiffs hereby request that this Court enter an Order allowing for the following discovery:

A. Production by RKC of all engagement letters and any supplements, addenda, and modifications thereto, regarding Genesis and Gamelan for the years 1994 through 2002.

  B. The opportunity to take deposition of RKC employees who performed services relative to Genesis and Gamelan pursuant to the engagement letters and provided services to the plaintiffs.

  WHEREFORE, the plaintiffs request that this Court enter an Order requiring RKC to produce true and correct copies of all engagement letters and any supplements, addenda or modifications thereto, that were executed and exist between RKC and B. Hauptman and Associates, Genesis and Gamelan, and allow the taking of the deposition of RKC employees who were involved in providing services pursuant to those engagement letters.

        Respectfully submitted,

        **AMBROSE, FRIEDMAN and WEICHLER**


        s/ Leonard G. Ambrose III
         Leonard G. Ambrose III, Esquire
         Attorney for Defendant
         319 West 8th Street
         Erie, Pennsylvania 16502
         814/452-3069
         Supreme Court I.D. # 18824