IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| WILLIAM H. STEINBRINK, M.D. and PATRICIA M. STEINBRINK, his wife, | : : : | |
| and | : : | |
| BAYSIDE OBSTETRICS GYNECOLOGY INFERTILITY, INC. 401(k) PROFIT SHARING PLAN, Plaintiffs | : : : : : | |
| vs. | : : | CASE NO. CA 01-382 ERIE |
| ROTHSTEIN, KASS & COMPANY, P.C.;  B. HAUPTMAN & ASSOCIATES, LLC;  BRUCE A. HAUPTMAN | : : : : | |
| Defendants | : | JURY TRIAL DEMANDED |

**DEFENDANT, ROTHSTEIN, KASS & COMPANY'S MOTION TO DISMISS DUE TO PLAINTIFFS' FAILURE TO FILE A CERTIFICATE OF MERIT**

NOW COMES the Defendant, Rothstein, Kass & Company, P.C., by its attorneys, Law Offices of Timothy D. McNair and respectfully moves this Honorable Court to dismiss Plaintiffs' Complaint because the Plaintiffs have not complied with Pennsylvania Law requiring the filing of a Certificate of Merit, respectfully representing:

1. Plaintiffs filed a second amended complaint on October 16, 2006 (Document 44.)

2. Subsequently, on January 22, 2007, Plaintiffs dismissed all of their claims against B. Hauptman & Associates, L.L.C. and Bruce A. Hauptman, and dismissed their

claim of intentional misrepresentation against Defendant, Rothstein, Kass & Company (Document 57.)

3. The only claims remaining in this case are Plaintiffs' claims against Defendant, Rothstein, Kass & Company for negligence (Count IV) and negligent misrepresentation (Count V.)

4. Plaintiffs' claims against Defendant both sound in professional negligence as defined under Pennsylvania Law and specifically Pennsylvania Rule of Civil Procedure 1042.

5. Pennsylvania Rule of Civil Procedure 1042. 3 requires that in any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the Plaintiff, or the Plaintiff if not represented, shall file with the complaint or within sixty (60) days after the filing of the complaint, a certificate of merit signed by the attorney or party that either an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint fell outside acceptable professional standards and the such conduct was a cause in bringing about the arm or that the allegation that the Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professional for whom that Defendant is responsible deviated from an acceptable professional standard or that expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim.

6. Said Rule applies to all complaints filed after the effective date of the Rule, January 27, 2003, and has been determined by both the courts of Pennsylvania and the federal courts to be applicable in federal actions and to be retroactive. *Velazquez v. UPMC Bedford Memorial Hospital*, 338 F.Supp. 2d 609 (WDPA 2004). Further, the Rule applies to amended complaints filed after the effective date of the Rule. *Varner v. Classic Communities Corporation*, 2006 Pa. Super. 2; 890 A.2d 1068 (Pa. Super. 2005).

7. More than sixty (60) days have elapsed since the filing of the amended complaint raising two counts against Defendant sounding in professional negligence and no Certificate of Merit has been filed.

8. The court will, upon a supplemental motion to dismiss, dismiss a case where there has been a failure to comply with Pa. R.C.P. 1042.3.

WHEREFORE, Defendant, Rothstein, Kass & Company, P.C., respectfully move this Honorable Court to dismiss the remaining two counts of Plaintiff's second amended complaint for their failure to file the Certificate of Merit as required by law.

        Respectfully submitted,

        LAW OFFICES OF TIMOTHY D. McNAIR

        By: _____
            Timothy D. McNair, Esquire
            821 State Street
            Erie, PA 16501
            (814) 452-0700

            Joel M. Wolosky, Esquire
            Hodgson Russ LLP

230 Park Avenue  
17th Floor  
New York, NY 10169  
(212) 661-3535

Attorneys for Rothstein, Kass & Company, P.C.