IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

|  |  |
|---|---|
|  | x |
| WILLIAM H. STEINBRINK, M.D. and PATRICIA M. STEINBRINK, his wife, | : |
|  | : |
| and | : |
| BAYSIDE OBSTETRICS GYNECOLOGY INFERTILITY, INC. 401(k) PROFIT SHARING PLAN, | CASE NO. CA 01-382 ERIE : |
|  | : |
| Plaintiffs, | : |
| v. | : |
|  | : |
| ROTHSTEIN, KASS & COMPANY, P.C.; STUART BENDER, partner; B. HAUPTMAN & ASSOCIATES, LLC; BRUCE A. HAUPTMAN; WILLIAM HURLIN, SUSAN SILVERS; GENESIS CAPITAL FUND, LP; and GAMELAN CAPITAL FUND, LP, | : : : |
|  | : Judge Cohill |
| Defendants, |  |
|  | x |

## BRIEF IN SUPPORT OF DEFENDANT, ROTHSTEIN, KASS & COMPANIES MOTION TO DISMISS DUE TO PLAINTIFFS' FAILURE TO FILE A CERTIFICATE OF MERIT

NOW COMES ROTHSTEIN, KASS & COMPANY, P.C., Defendant, by its Attorneys,

Law Offices of Timothy D. McNair and Joel M. Wolosky, Esquire, Hodgson Russ, LLP, of

counsel and respectfully submit this brief in support of its Motion to Dismiss Plaintiffs'

Second Amended Complaint for failure to comply with the Certificate of Merit provision of Pa.R.C.P. 1042 *et seq*, pursuant to Federal Rules of Civil Procedure 12(b)1, 12(b)6 and 9(b), respectfully representing:

## I.   STATEMENT OF THE CASE.

This case is a claim for damages arising out of the alleged negligence of Defendant, Rothstein, Kass & Company (hereinafter "Rothstein") regarding its auditing of the books of an unrelated entity, Gamelan Capital Fund.  Plaintiffs allege that as the result of the negligence of Rothstein, they suffered a loss.

The complaint states that Rothstein was negligent, but nowhere specifies the nature of the negligence.  This issue is the subject of a currently pending Motion to Dismiss Plaintiff's Second Amended Complaint.  Since it is clear that this case involves a claim of professional negligence and Pennsylvania substantive law requires the filing of a Certificate of Merit in support of any complaint of professional negligence filed after the effective date of Pa.R.C.P. 1042.3, and because Plaintiffs have failed to comply with that requirement, Plaintiffs' Complaint must be dismissed.

## II.   ISSUES PRESENTED.

A.    DOES Pa.R.C.P. 1042.3 APPLY TO PLAINTIFFS' SECOND AMENDED COMPLAINT?

(SUGGESTED ANSWER IN THE AFFIRMATIVE)

B.    IS PLAINTIFFS' COMPLAINT ONE ALLEGING PROFESSIONAL NEGLIGENCE WITHIN THE MEANING OF Pa.R.C.P. 1042 ET SEQ.?

(SUGGESTED ANSWER IN THE AFFIRMATIVE)

### III.    ARGUMENT.

A.    **PA.R.C.P. 1042.3 APPLIES TO THIS CASE.**

Federal courts apply the Certificate of Merit ("COM") provisions of Pa.R.C.P. 1042.3 to diversity and supplemental jurisdiction actions in Federal Court. This court, in this diversity case, has jurisdiction over the Plaintiffs' complaint of professional negligence against Rothstein. In cases such as this, pursuant to *Erie Railroad Company vs. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938), and its progeny, this court is required to apply Pennsylvania substantive law and federal procedural rules to the resolution of this claim. *Chamberlain vs. Giampapa,* 210 F.3D 154, 158 (3rd Cir. 2000).

As far as legal rules determine the outcome of a litigation, the outcome of litigation in a federal court diversity case should be substantially the same as it would be if tried in a state court. *Guaranty Trust Company vs. York*, 326 U.S. 99, 109, 65 S Ct. 1464, 1470, 89 L.Ed. 2079, 2086 (1945); Chamberlain, 210 F.3rd at 158-159.

Under the *Erie* doctrine, the outcome of the case is dependant on whether Pennsylvania Rule of Civil Procedure 1042.3 and 1042.6 constitute state substantive or procedural law. Federal courts have determined that Rule 1042.3 requiring a Certificate of Merit constitutes Pennsylvania substantive law and Rule 1042.6 concerning enforcement of the Certificate of Merit requirements constitutes state procedural law.

Pennsylvania Rule of Civil Procedure 1042.3 provides:

"1042.3 - Certificate of Merit

(a)     In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the Plaintiff, or the Plaintiff if not represented, shall file with the Complaint or within sixty (60) days after the filing of the Complaint, a Certificate of Merit signed by the attorney or party that either

(1)     an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards an that such conduct was a cause in bringing about the harm, or

(2)     the claim that the Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard, or

(3)     expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim. ...

Accountants such as Defendant herein are defined as "licensed professionals" by Pa.R.C.P. 1042.1(b)(1)(ii).

In the event that the Certificate of Merit is not filed, under Pennsylvania Law, the Defendant may, "on praecipe" have a judgment of non pros entered against the Plaintiff, "provided that there is no pending timely filed motion seeking to extend the time to file the Certificate." Pa.R.C.P. 1042.6(a). Federal courts, however, do not recognize the

-4-

praecipe procedure utilized by the state courts and decide Pa.R.C.P. 1042 issues on motion pursuant to F.R. Civ. P 7(b).  _Abdulhay, M.D., et al. v. Bethlehem Medical Arts, L.P., et al._ 2005 U.S. District LEXIS 21785 (decided September 27, 2005) (copy attached.)

    In addition to the Abdulhay court, cited above, every other federal district court that has ruled on this issue has found Pa.R.Civ.P. 1042.3 to be substantive.  See, eg., _Scaramuzza v. Sciolla,_ 345 F. Sub.2d 508 (E.D. Pa. 2004)(Baylson, J.); _Velazquez v. UPMC Bedford Memorial Hospital,_ 328 F. Sup. 2d 549 (WDPA 2004) (Gibson, J) reversed in part on reconsideration, 338 F.Sup. 2d 609 (2004); _Hoyte, Administratrix, v. Wagner,_ 2006 U.S.D. LEXIS 72685 (Green, S.J., E.D. Pa., 2006 October 5,  2006) _Lane v. Riley,_ 2005 U.S. Dist. LEXIS 40074 (W. D. Pa., Nov. 22, 2005); _Hartman v. Low Sec. Corr. Inst. Allenwood_, 2005 U.S. Dist. LEXIS 40766 (M.D. Pa., May 27, 2005).  The rule has been applied retroactively by both the federal and state courts to complaints filed after the effective date of the Rule raising claims arising out of events which occurred before the effective date of the Rule.  _Valazquez, supra., Boyd v. U.S.,_ 2006 U.S. District LEXIS 70826 (M.D. Pa., September 29, 2006) (Vanaskie, D.J.).Thus, Rule 1042.3 is opposite to this case as a substantive rule of law and this motion is the appropriate method for asserting Defendants' rights under that law.  It is clear that the provisions of Pa.R.C.P. 1042 apply to the Plaintiffs' claims in this case.  It is also clear, from an examination of the docket and the Second Amended Complaint, that no certificate of merit has been filed.

**B.    PLAINTIFFS' SECOND AMENDED COMPLAINT ALLEGES PROFESSIONAL NEGLIGENCE WITHIN THE MEANING OF Pa. R.C.P. 1042 AND IS THEREFORE SUBJECT TO DISMISSAL.**

As Defendant notes in its Reply Memorandum on its Motion to Dismiss, the Plaintiffs' claims of "Negligent Misrepresentation" amount to merely a restatement of their claim for professional negligence.  As the reult of Plaintiffs ' decision to drop all of their other counts, only the claims for Negligence (Count IV) and Negligent Misrepresentation (Count V) remain in the case.  It is alleged in paragraphs 40 through 44 that Rothstein's relationship with Genesis and Gamelan was that of outside auditor, and the allegations of negligence clearly relate to accounting functions (Paragraph 45).  Count IV explicitly claims damages for professional negligence.

The Negligent Misrepresentation count, Count V, merely restates the claims in Count IV and does not contain any basis for liability other that communication or non communication of the allegedly negligent audit results.  Thus, it too alleges professional negligence.

Under Pa.R.C.P. 1042.1(b)(1)(ii),  a complaint arising out of a professional liability claim against an accountant is subject to the Certificate of Merit rules, and a Certificate must be timely filed.  In this case, the failure to file a certificate of merit in connection with their Second Amended Complaint is fatal to Plaintiffs' claims.

III.    **CONCLUSION:**

The requirement that the Plaintiff file a Certificate of Merit is one of substantive law that governs this case.  The requirement applies to all complaints filed after the effective date of the Rule, regardless of when the cause of action arose.  The Rule applies to licensed accountants, such as Defendant Rothstein, Kass & Comapny.  Plaintiffs failed to comply with the rule or to seek an extension of time to do so.

Plaintiffs' Second Amended Complaint must be dismissed.

Respectfully submitted,

LAW OFFICES OF TIMOTHY D. McNAIR

By: _s/ Timothy D. McNair_____
        Timothy D. McNair, Esquire
        821 State Street
        Erie, PA 16501
        (814) 452-0700
        Attorneys for Defendant, Rothstein Kass
        & Company
        tmcnair@surferie.net

        (814)452-0700

OF COUNSEL:

Joel M. Wolosky, Esq.
Hodgson Russ LLP
1540 Broadway, 24th Floor
New York, NY 10036
(212) 751-4300