IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| WILLIAM H. STEINBRINK, M.D. and<br>PATRICIA M. STEINBRINK, his wife,<br><br>and<br><br>BAYSIDE OBSTETRICS GYNECOLOGY<br>INFERTILITY, INC. 401(k) PROFIT<br>SHARING PLAN,<br><br>Plaintiffs<br><br>v.<br><br>ROTHSTEIN, KASS & COMPANY, P.C.;<br>B. HAUPTMAN & ASSOCIATES, LLC;<br>BRUCE A. HAUPTMAN,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. CA 01-382 - Erie<br>)<br>)   Filed Electronically<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REPLY TO DEFENDANT ROTHSTEIN, KASS & COMPANY'S MOTION TO DISMISS DUE TO PLAINTIFFS' FAILURE TO FILE A CERTIFICATE OF MERIT**

AND NOW, come the above named plaintiffs, William H. Steinbrink, M.D. and Patricia M. Steinbrink, his wife, by and through their attorneys, AMBROSE, FRIEDMAN and WEICHLER, and respectfully file the following Reply to Defendant RKC'S Motion To Dismiss and set forth the following:

1.  It is admitted that plaintiffs filed a second amended complaint on October 16, 2006. More importantly, the plaintiffs' original complaint was filed on November 30, 2001.

2.  Admitted.

3.  Admitted.

4. Admitted. By way of further answer, the allegations of negligence pending against the defendant RKC are the same allegations contained in plaintiffs' original complaint filed on November 30, 2001.

5. It is admitted that plaintiffs' claims against defendant RKC are based in professional negligence. However, Pennsylvania Rule of Civil Procedure 1042 does not apply as it did not become effective until January 27, 2003 and this action was commenced on November 30, 2001.

5. Pennsylvania Rule of Civil Procedure 1042.3 is inapplicable to this case. It did not become effective until January 27, 2003, well after this action was commenced. *Velazquez v. UPMC Bedford Memorial Hospital,* 338 F.Supp.2d 609 (W.D.Pa. 2004)

6. It is admitted that Pa.R.C.P. 1042.3 applies to all actions commenced after January 27, 2003. This action was commenced on November 30, 2001. The rule does not apply to amended complaints filed after the date of the rule which were commenced prior to the effective date of the rule. The action commenced in *Varner v. Classic Communities Corporation,* 890 A.2d 1068 (Pa.Super 2005) was filed on December 31, 2003, eleven months after the effective date of Rule 1042.3. Contrary to defendant's contention, the Superior Court did not hold that amendments to complaints filed after January 27, 2003 were required to be filed with a certificate of merit when the original action was commenced prior to January 27, 2003. Rather, the Court held that a certificate of merit was required as the original action was commenced after the effective date of the rule.

7. It is admitted that no certificate was filed in this case as the action was commenced prior to the effective date of Rule 1042.3.

8. Denied. There can be no failure to comply with a rule which was not in existence at the time the action was commenced.

WHEREFORE the plaintiffs respectfully request this Honorable Court to dismiss RKC's motion.

### **NEW MATTER**

9. The plaintiffs filed their complaint against RKC on November 30, 2001. The original complaint alleged theories of negligence and negligent misrepresentation against RKC. See Counts I and II of the original complaint.

10. On February 28, 2002, RKC filed a motion to dismiss and various responses were filed by other parties.

11. On July 26, 2006, the Court filed a Memorandum Opinion and Order directing, among other things, that the plaintiffs file an amended complaint.

12. The plaintiffs filed their second amended complaint on October 16, 2006.

13. RKC never raised in its motions to dismiss any failure to comply with Pa.R.C.P. 1042.3 as it recognized that the original action was commenced well before the effective date of said rule.

14. The defendant RKC's claims are meritless for the following reasons:

A. This action was commenced on November 30, 2001, well before the effective date of Pa.R.C.P. 1042.3, January 27, 2003.

B. Pa.R.C.P. 1042.3 is not retroactive to causes of actions commenced before the effective date of said rule. ***Velazquez, supra.***

4

      WHEREFORE, the plaintiffs respectfully request this Honorable Court to dismiss RKC's motion.

                                      Respectfully submitted,

                                      **AMBROSE, FRIEDMAN and WEICHLER**

                                      BY     s/ Leonard G. Ambrose III
                                               Leonard G. Ambrose III, Esquire
                                               Attorney for Plaintiffs
                                               319 West 8th Street
                                               Erie, Pennsylvania  16502
                                               814/452-3069
                                               Supreme Court I.D. # 18824