IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| WILLIAM H. STEINBRINK, M.D. and PATRICIA M. STEINBRINK, his wife, <br><br> and <br><br> BAYSIDE OBSTETRICS GYNECOLOGY INFERTILITY, INC. 401(k) PROFIT SHARING PLAN, <br><br> Plaintiffs <br><br> v. <br><br> ROTHSTEIN, KASS & COMPANY, P.C.; B. HAUPTMAN & ASSOCIATES, LLC; BRUCE A. HAUPTMAN, <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. CA 01-382 - Erie ) ) Filed Electronically ) ) ) ) |

**PLAINTIFFS' BRIEF IN SUPPORT OF
THEIR REQUEST TO DENY RKC'S MOTION TO DISMISS DUE
TO PLAINTIFFS' FAILURE TO FILE A
CERTIFICATE OF MERIT**

**I.     STATEMENT OF THE CASE**

On November 30, 2001, the plaintiffs filed their original complaint against RKC alleging amongst other things negligence and negligent misrepresentation.  Thereafter, the defendant filed a Motion to Dismiss and there was a second round of responses and replies.  The Court took the matter under advisement in April 2002.  On July 26, 2006, the Court filed a Memorandum Opinion and Order directing that the plaintiff file an amended complaint streamlining the original action to comply with the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  The plaintiffs amended their original complaint and filed a second amended

complaint on October 16, 2006. The second amended complaint as it relates to RKC reduced the number of counts and simply restated the claims of negligence and negligent misrepresentation.

Between the filing of plaintiffs' original complaint on November 30, 2001, and the Court's Memorandum Opinion and Order on July 26, 2006, the Pennsylvania Supreme Court adopted Pa.R.C.P. 1042.3 entitled "Certificate of Merit" effective January 27, 2003.

## II.     ISSUE PRESENTED

Does Pa.R.C.P. 1042.3 apply to an action commenced prior to enactment of the rule? (Suggested answer in the negative.)

## III.     ARGUMENT

The present action was commenced on November 30, 2001. The original action contained allegations of negligence and negligent misrepresentation filed against the defendant Rothstein, Kass & Company, P.C. There is no question but that these are allegations of professional negligence.

Pa.R.C.P. 1042.3 became effective on January 27, 2003. It provides that in cases of professional negligence that the plaintiff file "with the **complaint** or within 60 days after filing of the **complaint**, a certificate of merit" …(Emphasis Added) It does not provide that a certificate of merit be filed with an amended complaint. See e.g., ***Hoover v. Davila,*** 862 A.2d 591 (Pa.Super 2004)  More importantly, the Order of Court enacting Pa.R.C.P. 1042.3 through 1042.8 states: "The new and amended rule shall be applicable to **actions commenced** on or after the effective date of this Order." See ***Velazquez v. UPMC Bedford Memorial Hospital***, 338 F.Supp.2d 609 (W.D. Pa 2004)  There is no question but that this action was commenced on November 30, 2001. Actions are commenced by filing a complaint with the Court. F.R.C.P. 3 They are not commenced by the filing of an amended complaint. The action carries a 2001 case

number which was issued when the complaint was filed.  There is no question but that Rule 1042.3 was not in effect at the time the action was commenced.

In *Velazquez v. UPMC Bedford Memorial Hospital*, *supra,* the Court resolved this issue.  The Court held that the rule applies to actions commenced after the effective date of the rule.  There is no question but that this action was commenced well before the enactment of the rule.  The defendant appears to argue that because an amended complaint was filed, that the certificate requirements of Rule 1042.3 apply.  This argument is seriously misplaced.  The argument ignores the language of Rule 1042.3 and the Supreme Court's order enacting the rules which without question provides that the rule applies to actions **commenced** on or after the effective date of the rule.  The defendant also ignores the Court's ruling in *Velazquez .*  The defendant cites the Superior Court's decision in *Varner v. Classic Communities Corporation,* 890 A.2d 1068 (Pa.Super 2005) as standing for the proposition that "the rule applies to amended complaints filed after the effective date of the rule." (Defendant's motion, para. 6)  The defendant's reliance on *Varner* is misplaced if not outright misleading.  In *Varner, supra,* the plaintiffs commenced their action on December 31, 2003, eleven months after the effective date of Rule 1042.3.  The Superior Court never considered nor did it even mention anything relative to the application of the rule to an amended complaint.  Rather, the issues decided by the Court were whether an action for professional negligence was averred and whether the defendants had waived their objection to the lack of filing of a certificate of merit.  There was no question but that the action was commenced subsequent to the enactment of Rule 1042.3.

The defendant Rothstein, Kass & Company's motion to dismiss is clearly devoid of merit.  It ignores the language of Rule 1042.3 and the Court's ruling in *Velazquez*.  The action

was commenced prior to the enactment of the rule and no certificate of merit is required. The motion should be dismissed.

        Respectfully submitted,

        **AMBROSE, FRIEDMAN and WEICHLER**

        BY     s/ Leonard G. Ambrose III
            Leonard G. Ambrose III, Esquire
            Attorney for Plaintiffs
            319 West 8th Street
            Erie, Pennsylvania  16502
            814/452-3069
            Supreme Court I.D. # 18824